IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY ANN ARISMENDY, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:17-1139 | |
| § | | |
| UNITED STATES COMMISSIONER § | | |
| OF INTERNAL REVENUE, *et al*. § | | |
| Defendants. § | | |

# MEMORANDUM AND ORDER

Petitioner Kelly Ann Arismendy, who proceeds *pro se*, commenced this civil action by filing a Petition to Quash Summons [Doc. # 1]. On June 30, 2017, this Court issued a Memorandum and Order [Doc. # 9] granting the Government's motion to dismiss for lack of subject matter jurisdiction. Petitioner now has filed a Motion to Reinstate [Doc. # 13], to which the Government filed a timely Response [Doc. # 17]. Having considered the parties' filings, the applicable legal authorities, and all matters of record, the Court concludes that Petitioner's Motion to Reinstate should be **granted**, that her Petition to Quash Summons should be **denied as moot**, and that this action should be **dismissed without prejudice**.

The Summons challenged by Petitioner was issued by the IRS and directed at

J.P. Morgan Chase ("Chase"), seeking records related to Petitioner's tax liability.[1]
Petitioner has argued consistently that she was entitled to, and had not received, notice of the Summons. The Government previously argued, and the Court held in its Memorandum, that Petitioner was not entitled to notice because the Summons fit under statutory exceptions:

> [The notice requirements] shall not apply to any summons . . . issued in aid of the collection of (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued; or (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i) . . .

26 U.S.C. § 7609(c)(2)(D). *See* Government Response [Doc. # 6], at 5 ("The provisions of Section 7609 do not apply to the summons at issue in this civil action because the summons was issued to JP Morgan Chase Bank in aid of collection of tax liabilities assessed against Petitioner"). The Summons invoked this exception on its face, stating "Under IRC 7609(c)(2)(D), this summons is exempt from notice requirements pertaining to third party summonses," and specifically requested "data relating to the tax liability or the collection of the tax liability … concerning the [Petitioner]." Summons, at 1.

---

[1] Summons [Doc. # 6-1], at 1 (Summons is captioned "In the matter of Kelly Ann Arismendy" and orders Chase to produce and testify regarding records "relating to the tax liability or the collection of the tax liability" concerning Petitioner, or "for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning [Petitioner]").

Petitioner's current briefing argues that the exceptions in Section 7609(c) do not apply to her case because she has no outstanding tax liability and no legal relationship with any person with any person against whom a tax assessment has been made. Memorandum of Law [Doc. # 14] (citing *Ip v. United States*, 205 F.3d 1168 (9th Cir. 2000)). The Summons directed at Chase apparently pertained to a mortgage that Petitioner obtained from Chase for real property that Petitioner purchased from Michael Palma. Petitioner identifies Palma as "the real subject of the IRS investigation." Memorandum of Law [Doc. # 14], at 2 ¶ 10b. She represents that she has never been married to Palma, has no joint accounts with Palma, and that Palma is not on the mortgage. *Id*.

The Government now concedes that Petitioner was entitled to notice of the Summons at issue. Although the Government previously relied upon the notice exceptions in Section 7609(c)(2)(D), it now represents that there is no valid "assessment" against Petitioner, as the statutory language requires:

> 9. The investigation of petitioner includes her potential liability as an alter-ego/nominee/transferee of a related taxpayer [Palma] with an assessed liability.
>
> 10. However, although the investigation is ongoing, there has not been an assessment made against petitioner as an alter-ego/nominee/transferee.
>
> 11. Therefore, because there is neither a valid assessment to be collected against petitioner, nor an assessment made against petitioner

3

as a transferee, petitioner was entitled to notice of the summons issued to JP Morgan on March 27, 2017.

Response [Doc. # 17], at 3, ¶¶ 9-11.

Based on the Government's concession that no liability was assessed against Petitioner and that Petitioner was entitled to notice, this Court's previous rulings will be vacated.

The Government further states that it has not received records from Chase and, given its failure to comply with the notice requirements, will not seek enforcement of the Summons. Response [Doc. # 17], at 1 ("Respondent hereby withdraws the summons at issue in this case and will not seek enforcement of the summons"). Because this representation by the Government moots the relief sought in the Petition to Quash Summons, the Petition will be denied as moot.

Therefore it is hereby

**ORDERED** that the Memorandum and Order [Doc. # 9] and Final Order of Dismissal [Doc. # 10] are **VACATED**. It is further

**ORDERED** that the Petition to Quash Summons [Doc. # 1] is **DENIED as moot**. This action is **DISMISSED without prejudice**.

A separate Final Order will issue.

SIGNED at Houston, Texas, this **4th** day of **August, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE